UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHARLES ALLEN FARMER JR.,[1]
    Plaintiff,

vs.                                    Case No.:  3:21cv3120/LAC/EMT

ESCAMBIA COUNTY JAIL,
    Defendant.
_____/

# REPORT AND RECOMMENDATION

    Plaintiff Charles Allen Farmer, Jr. (Farmer), an inmate of the Escambia County Jail (Jail) when he commenced this case, is proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983 (ECF No. 1).  Farmer has since been transferred to the Florida Department of Corrections (*see* ECF Nos. 7, 9, 10).  Presently before the court is Farmer's Amended Complaint (ECF No. 9).

    The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b).  Upon screening of the Amended Complaint, it is the opinion of the

---

[1] The court identifies Plaintiff as he identified himself in his initial pleading (*see* ECF No. 1 at 1, 2, 13).

undersigned that this case should be dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

## I. BACKGROUND

Farmer names the Escambia County Jail (Jail) as the sole Defendant (ECF No. 9 at 1, 2). Farmer complains about various conditions of his confinement at both the "old Jail" and "new Jail" (*see* ECF No. 9 at 5–6; *see also* ECF No. 10 at 3–4).[2] Farmer asserts claims under the First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments and seeks monetary damages in the amount of $2,000,000 for the alleged constitutional violations (*see* ECF No. 9 at 7; ECF No. 10 at 5).

## II. STATUTORY SCREENING STANDARD

Because Farmer is a prisoner proceeding in forma pauperis, the court must dismiss this case if the court determines it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). The statutory language "tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and thus dismissals for failure to state a claim are governed by the same standard as Rule 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). The allegations of the complaint are taken as true and construed in the light

---

[2] The court cites to the page numbers automatically assigned by the court's electronic filing system.

Case No.: 3:21cv3120/LAC/EMT

most favorable to the plaintiff. *See Davis v. Monroe Cnty. Bd. of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997).

To survive dismissal at the screening phase, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks and citation omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (citation omitted). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (internal quotation marks and citation omitted). And "bare assertions" that "amount to nothing more than a "formulaic recitation of the elements" of a claim

"are conclusory and not entitled to be assumed true." *Id.* at 681 (internal quotation marks and citation omitted).  Stated succinctly,

> [p]leadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.

III.  DISCUSSION

As previously noted, Farmer names the Escambia County Jail as the sole Defendant in this case.  The capacity to be sued in federal court is governed by the law of the state in which the district court is located.  *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (citing Fed. R. Civ. P. 17(b)).  Under Florida law, there are constitutionally created political subdivisions called counties and separately created constitutional officers.  *See* Fla. Const. Art. VIII, §§ 1(a) and (d).  Florida does not provide, either constitutionally or statutorily, for a county jail facility as a separate legal entity, an agency of the county, or a corporate entity.  Therefore, a county jail is not an entity subject to suit under § 1983.  *See Eddy v. City of Miami*, 715 F. Supp. 1553, 1556 (S.D. Fla. 1999) (indicating that a department which is an integral part of a local government's policing function is not an entity subject to suit under § 1983); *Heckman v. Hall*, No. 3:07cv268/MCR/MD, 2007 WL 2175919, at

*3 (N.D. Fla. July 25, 2007) (holding that county jail is not an actionable legal entity because it does not enjoy a separate legal existence independent of the county or the sheriff's office), *report and recommendation adopted by* 2007 WL 2428487 (N.D. Fla. Aug. 27, 2007).

Upon the court's screening of the Farmer's initial Complaint, the court advised Farmer that the Jail was not a proper Defendant, and the court provided Farmer an opportunity to correct this pleading deficiency by filing an amended complaint (*see* ECF No. 6). Despite this advisory, Farmer's Amended Complaint names as the sole Defendant an entity not subject to suit under § 1983. Farmer's Amended Complaint does not state a claim upon which relief may be granted and thus should be dismissed pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

Accordingly, it is respectfully **RECOMMENDED**:

1. That this case be **DISMISSED** for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

2. That the clerk of court be directed to enter judgment accordingly and close this case.

At Pensacola, Florida this 17th day of March 2022.

/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

Case No.: 3:21cv3120/LAC/EMT

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  **Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.**  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No.:  3:21cv3120/LAC/EMT